```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |
|---|---|
| UNIQUE BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:22-cv-02077-SHM-tmp |
| CORRECTIONAL OFFICER FELTS, ET AL., | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Plaintiff Unique Brooks' Motion to Show Good Cause for His Failure to Effect Service on Defendant Lowery, see ECF No. 17, and Motion to Alter or Amend Judgment, see ECF No. 18. Both Motions are GRANTED.

## I. Background

On February 9, 2022, Plaintiff, who was incarcerated at the Shelby County Criminal Justice Center ("SCCJC"), filed a pro se complaint under 42 U.S.C. § 1983, alleging that Shelby County, Tennessee, and certain SCCJC employees, had violated Plaintiff's rights. See ECF No. 1. Plaintiff also filed a motion to proceed in forma pauperis, which was granted. See ECF Nos. 2, 6.

The complaint was assigned to the pro se prisoner track and screened pursuant to Local Criminal Rule 16.2(b)(2) and 28 U.S.C. § 1915A, respectively. On October 3, 2022, the Court entered an order ("October 3 Order"), allowing an excessive-force claim against Defendant Lowery, a correctional officer at SCCJC, to proceed. See ECF No. 8, at 8. All other claims were dismissed without prejudice. See id. at 20. Plaintiff was given twenty-one (21) days to file amended claims. See id. at 20-21.

Summons issued for Defendant Lowery on October 4, 2022. See ECF No. 9. Because Plaintiff did not provide Defendant Lowery's first name or address in the complaint, the summons was addressed to "Correctional Officer Lowery" at the SCCJC. See id. The summons was returned unexecuted on November 4, 2022. See ECF No. 10. Remarks on the form said that service was attempted twice, but the U.S. Marshal was advised that "Shelby County does not employ anyone named Lowery and there is no record of a Lowery." See id. Plaintiff took no further action to prosecute the case against Defendant Lowery.

On May 3, 2024, the Court ordered Plaintiff to show good cause for his failure to effect service on Defendant Lowery within the 90-day service period provided by Federal Rule of Civil Procedure 4(m). See ECF No. 14, at 4. Plaintiff was given twenty-one (21) days from the entry of the order to respond. See

id. The Court, concluding that Plaintiff had not filed amended claims, dismissed with prejudice the claims that had been dismissed without prejudice in the October 3 Order. See id. Judgment was entered on May 29, 2024. See ECF No. 16.

On November 3, 2022, an entry was made to the docket with the description, "Letter to the Court in re: jail conditions from Unique Brooks." See ECF No. 11. Presumably, because the entry was labeled as a letter, it did not come to the Court's attention. The "letter", although not labeled as such, was Plaintiff's amended complaint. The Certificate of Service says that the Amended Complaint was mailed on October 12, 2022, which was within the 21-day deadline for Plaintiff to file an amended complaint.

Plaintiff's Motion to Show Good Cause was docketed on June 3, 2024, after the 21-day period to respond had elapsed. See ECF No. 17. However, the Certificate of Service says that the Motion was mailed on May 24, 2024, which was within the response period. See id. at 4. Plaintiff's Motion to Alter or Amend Judgment was docketed on June 4, 2024. See ECF No. 18. The Certificate of Service says that the Motion was mailed on May 29, 2024. See id. at 5.

The two Motions make similar points. Plaintiff argues that he sent his "amended claims" (the "letter") within the 21-day

3

deadline imposed by the October 3 Order, so his claims should not have been dismissed with prejudice and his amended claims should have been considered. See ECF No. 17, at 1-2; ECF No. 18, at 1.  Plaintiff contends that, because he relies on the U.S. Marshals to effect service on defendants, he should not be penalized for the failure of service. See ECF No. 17, at 3. Plaintiff notes that his good-faith efforts to prosecute his case are evidenced by the timely notifications about changes to his address. See ECF No. 17, at 2; ECF No. 18, at 1-2. Plaintiff speculates that SCCJC employees intentionally prevented his amended complaint from being sent to the Court. See ECF No. 17, at 2-3; ECF No. 18, at 3-4.

**II.  Law**

"If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Generally, "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." Friedman v. Est. of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991).

4

<35>

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

"Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). That liberal standard may require courts to engage in active interpretation of filings. See id. (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985)). However, the "leniency granted to pro se petitioners . . . is not boundless. Pro se plaintiffs are treated to less stringent standards, but 'they are not automatically entitled to take every case to trial.'" Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996)).

## III. Analysis

Plaintiff sent his amended complaint before the 21-day deadline set in the October 3, 2022 Order. Plaintiff's amended complaint was mistakenly labeled a "letter" on the docket and therefore went unnoticed. Because of that mistake, and because Plaintiff filed his amended claims by the deadline, relief from judgment is warranted. See Fed. R. Civ. P. 60(b)(1). Plaintiff's allegations, as presented in the amended complaint at ECF No.

11, should and will be considered. Plaintiff's Motion to Alter or Amend Judgment is GRANTED.

Plaintiff did not serve Defendant Lowery within Rule 4(m)'s ninety-day service period. Plaintiff's arguments about having timely sent his amended complaint misses the point. The October 3 Order permitted Plaintiff's claim against Defendant Lowery to proceed. From that point, it was Plaintiff's responsibility to ensure that the U.S. Marshals effected service on Defendant Lowery, and to request extensions of time as needed. Plaintiff did neither.

However, good cause exists to extend the deadline for service on Defendant Lowery. Plaintiff's filings suggest that Plaintiff was confused about the effect of the October 3 Order, which effectively split Plaintiff's action into two. On one track were the claims that had been dismissed without prejudice, which Plaintiff needed to (and did) timely amend. On the second track was Plaintiff's excessive-force claim against Defendant Lowery, on whom Plaintiff needed to effect timely service (but did not).

Although "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause" Friedman, 929 F.2d at 1157, neither of those factors is applicable here. Plaintiff is proceeding pro se, and as an inmate, he has limited access to the Court's docket

6

and relies on the efforts of the U.S. Marshals to effect service. Although those facts alone do not establish good cause, the facts of this action demonstrate that Plaintiff has actively prosecuted his case and likely would have endeavored to effect service on Defendant Lowery had Plaintiff not been confused about the impact of the October 3 Order.

Plaintiff has demonstrated good cause for his failure to serve Defendant Lowery. Plaintiff's ninety-day deadline to serve Defendant Lowery will be extended pursuant to Rule 4(m). The service period will commence the day on which the Court issues an order addressing Plaintiff's amended complaint.

**IV.   Conclusion**

Plaintiff's Motion to Alter or Amend Judgment is GRANTED. The CLERK is DIRECTED to REOPEN the case and RELABEL ECF No. 11 as Plaintiff's amended complaint. The amended complaint was filed when Plaintiff was incarcerated and is therefore ASSIGNED to the PRO SE PRISONER TRACK pursuant to Local Rule 16.2(b)(2). Plaintiff's Motion to Show Good Cause for failing to timely serve Defendant Lowery is GRANTED. Pursuant to Rule 4(m), Plaintiff will have ninety days from the date on which the Court issues an

7

order addressing Plaintiff's amended claims to serve Defendant Lowery.

SO ORDERED this *9th* day of July, 2024.

                                              /s/ *Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE