**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNIQUE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:22-cv-02077-SHM-tmp |
| | ) | |
| CORRECTIONAL OFFICER F/N/U FELTS, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR USMS TO ISSUE SERVICE (ECF NO. 29) AND**
**DIRECTING THE CLERK TO MODIFY DOCKET AND REISSUE SERVICE**

Before the Court is Plaintiff Unique Brooks' "Ex parte Motion To [A]ppoint Marshal To Serve Summons and Complaint", hereinafter referred to as the "Motion for USMS to Issue Service," (ECF No. 29.)

## I.    BACKGROUND

On February 9, 2022, Plaintiff Unique Brooks, then incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 13, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 6.) On October 3, 2022, the Court partially dismissed the complaint without prejudice, granted leave to amend the claims dismissed without prejudice, proceeded the excessive force claim against Lowery in his individual capacity, and directed the Clerk to issue process for Lowery. (ECF No. 8.) On October 4, 2022, summons was issued to be served on Lowery at the SCCJC.

1

(ECF No. 9.)   The Marshal attempted service on the morning of October 21, 2022, and the afternoon of October 25, 2022.  (ECF No. 10 at PageID 51.)  The Marshal noted that, on October 25th according to the Shelby County Chief Policy Advisor, "Shelby County does not employ anyone named Lowery a[n]d there is no record of a Lowery."  (*Id.*)   On November 4, 2022, the Marshal filed the unexecuted summons with the information about his service attempts.  (*See* ECF No. 10.)

On May 3, 2024, the Court ordered Brooks to show cause for his failure to effect service on Lowery and dismissed Brooks' remaining claims with prejudice.  (ECF No. 14.)  On May 29, 2024, the Court dismissed the excessive force claim against Lowery without prejudice (ECF No. 15) and judgment was entered the same day (ECF No. 16).

On June 3, 2024, Brooks filed a motion to show good cause for failure to effect service on Lowery.  (ECF No. 17.)  On June 4, 2024, Brooks filed a motion to alter or amend judgment.  (ECF No. 18.)  On June 14, 2024, Brooks filed a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal.  (ECF Nos. 19 & 20.)  On June 21, 2024, the Sixth Circuit issued an order holding Brooks' appeal in abeyance pending this Court's ruling on his motion to alter or amend.  (ECF No. 22.)

On July 9, 2024, the Court entered an order granting Brooks' motion to show good cause and his motion to alter judgment and directed the clerk to reopen the case and relabel ECF No. 11 as Brooks' amended complaint.  (ECF No. 23.)  The Court extended the 90-day deadline to serve Lowery and said that "[t]he service period will commence the day on which the Court issues an order addressing Plaintiff's amended complaint."  (*Id.* at PageID 109-110.)

On December 19, 2024, the Court entered an order granting Brooks' motion for leave to proceed *in forma pauperis* on appeal.  (ECF No. 25.)  On April 2, 2025, the Sixth Circuit issued an order dismissing Brooks' appeal as moot per this Court's July 9, 2024 order.  (See ECF No. 26.)

On April 11, 2025, the Court ordered Brooks to file a second amended complaint on the form for Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 within twenty-one (21) days.  (ECF No. 28 at PageID 129.)  The Court allowed Brooks ninety (90) days from the entry of the Order to serve Lowery.  (*Id.* at PageID 130.)

On May 5, 2025, Brooks filed the Motion for USMS to Issue Service.  (ECF No. 29.)  On May 15, 2025, the Court entered an order dismissing with prejudice the previously dismissed claims in the Court's October 3, 2022 order and directing Brooks to provide the Clerk's office with additional information to identify and serve Lowery with service of process within twenty-one (21) days.  (ECF No. 30.)

On June 2, 2025, Brooks filed a notice with additional information to serve Lowery, specifically that he is a lieutenant at the SCCJC and that some of Brooks' grievances and incident reports that were filed as exhibits have Lowery's badge number.  (ECF No. 31.)

## II.    MOTION FOR USMS TO ISSUE SERVICE

Brooks seeks to have the USMS serve Lowery or to have "some other person" appointed to assist in effecting service on Lowery.  (ECF No. 29.)  Brooks alleges that Lowery "has taken extraordinary steps to avoid service of process" and that Lowery is "uncooperative[.]" (*Id.* at PageID 132.)  The notation by the USMS on the unexecuted return of service on Lowery says, "Shelby County does not employ anyone named Lowery a[n]d there is no record of a Lowery.  Per

3

Shelby County Chief Policy Advisor." (ECF No. 10 at PageID 51.) Brooks alleges that Lowery's badge number is contained in "grievances, and incident reports" that Brooks has previously filed as exhibits. (ECF No. 31 at PageID 138.) Exhibits attached to Brooks' amended complaint list a Lieutenant Terry L. Lowery, badge number 11126. (*See* ECF No. 11 at PageID 59, 61, 64.)

The Court has some obligation to assist with service for *pro se* indigent prisoners. *See* 28 U.S.C. 1915(d). *See Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). "[W]here a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002). The failure by the USMS to carry out its duties may constitute good cause under Rule 4. *See Byrd*, 94 F.3d at 220. "A plaintiff using the U.S. Marshal's Service for service of process 'must provide sufficient information to identify the defendant with 'reasonable effort.'" *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10 (6th Cir. Jan. 6, 2012) (quoting *Danik v. Housing Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010)); *see Byrd*, 94 F.3d at 219; *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (stating that, "[if] the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts," then "the marshals' failure to serve process [i]s 'good cause' for purposes of Rule 4(m)"). The USMS "must make a reasonable effort to locate and serve a defendant." *Blair v. Schievelhud*, No. 24-5072, 2024 WL 4806299, at *2 (6th Cir. Nov. 12, 2024).

Courts have chosen to assist *pro se* plaintiffs in effecting service, *see Baldwin v. Croft*, 2013 WL 172870, at *1 (N.D. Ohio Jan. 16, 2013) (ordering the warden to provide the United States Marshal with the last known addresses of the unserved defendants); *Allen v. Siddiqui*, 2008

WL 2217363, at *2 (W.D. Ky. May 27, 2008) (noting that the court's practice in *pro se* prisoner cases was to order the agency that previously employed the defendant to provide his last known address under seal). *See Vick v. Bernard*, No. 2:15-CV-116-JRG-MCLC, 2018 WL 9811676, at *3 (E.D. Tenn. Mar. 26, 2018).

The Motion for USMS to Issue Service is **GRANTED**.

The Clerk is **DIRECTED** to modify the docket to name Terry L. Lowery as a Defendant.

The Clerk is **DIRECTED** to reissue process for Lowery[1] and to deliver that process to the U.S. Marshal for service.  Service shall be made on Lowery pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10.  All costs of service shall by advanced by the United States.

The Shelby County Sheriff's Department is **ORDERED** to provide the U.S. Marshal with the full name and last known address of Lowery and file it with the court within thirty (30) days of the date of entry of this order.  The address shall be filed in a sealed envelope, marked "to be filed under seal pursuant to order of the court," and a copy shall **not** be served on the Plaintiff.

The Clerk shall place the address **<u>UNDER SEAL</u>** and shall release the address only to the undersigned judge, his immediate staff, and the staff attorney of the court.

**The Marshal shall not provide any copies of these or any other forms to Plaintiff. The Marshal is to file all documents concerning service on Lowery under seal. The Clerk is to provide a copy of this order to the Marshal.**  Service on Lowery shall include a copy of this order.

---

[1] The summons shall be issued to Lieutenant Terry L. Lowery, badge number 11126, at the SCCJC.

Brooks shall have ninety (90) days from entry of this Order to serve Lowery.

**IT IS SO ORDERED**, this  _11th_  day of June, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE